Jack Dayan, Plaintiff-Appellant, v. Wood River Township Hospital, et al., Defendants-Appellees.

Gen. No. 60–O–16.

Fourth District.

January 17, 1961.

Anthony W. Daly and Emerson Baetz, of Alton, for appellant.

Francis J. Manning, of Wood River, and Charles M. O'Brien, of Chicago, for appellee.

SCHEINEMAN, J.

The plaintiff, a doctor of medicine, filed a suit for mandamus against the defendant hospital, and its directors and manager, in which he asked for a writ to

compel the defendants to accord him full privileges as a physician and surgeon in the hospital, or in the alternative, to grant him a hearing on his application for hospital privileges. A motion to strike the complaint was granted by the trial court and, when plaintiff elected to stand on his complaint, final judgment of dismissal was entered, from which this appeal is taken.

The plaintiff contends that, as he is a licensed practitioner of medicine, and as the public hospital is supported in part by taxes, he has a right to practice his profession therein the same as any other person holding such license. He further contends that the defendants have an absolute duty to grant him an open hearing on his application. The defendants contend that use of the hospital facilities is a privilege subject to reasonable regulation and control, and that there is no absolute duty to grant an open hearing every time an application for a position on the staff is filed, and therefore, mandamus does not lie.

These same parties were before this court in a prior case, Dayan v. Wood River Tp. Hospital, 18 Ill.App.2d 263, 152 N.E.2d 205. It appeared therein that, after the Medical Staff of the hospital had recommended that plaintiff's membership on the staff should be discontinued, the board of directors conducted extensive hearings before denying plaintiff renewal of his hospital privileges. The action of the board was upheld by the trial court and by this court.

In that case we expressly held that there is no absolute right of a physician to membership on the medical staff of a public hospital. It was our opinion then and it so remains, the mere fact that a public hospital is supported in part by taxation, does not give every licensed physician the right to unlimited and uncontrolled use of its facilities. We recognized the public interest requires that there be a governing body

with some discretion in the makeup of the medical staff. We said:

"A hospital is not an annex to every doctor's office where the same freedom of practice as exists in the office continues. . . . Liability might well be made to fall upon the hospital if their personnel or equipment were permitted to be subject to control of one lacking in some of the necessary professional skills."

In reviewing the evidence before the board in that case we noted that there were personality factors involved. Our opinion was filed July 26, 1958 and released for publication August 13, 1958. Four months later, in December of the same year, plaintiff was back with a new application for admission to the staff, and insists the board has no alternative but to grant him another full hearing. The motion to strike the complaint recites that this application was considered at the March 1959 meeting of the board, and rejected.

█ Thus, the new litigation is started almost as soon as the previous series of legal proceedings has terminated. Persons devoting their time and efforts to providing the public with adequate hospital services, should not be subject to such constant harassment. Accordingly, we hold that the board of directors has a reasonable discretion to consider and decide if, and when, a sufficient time has elapsed to justify a new hearing, and to require as a condition to a hearing, that the application be accompanied by some showing in advance, that the deficiencies previously found no longer exist, and that this must be based on something more than the mere assertions of the applicant as to his own opinion of himself.

Under the facts of this case, the complaint utterly fails to present a clear case of right, such as is required

to justify the issuance of a writ of mandamus. The judgment of dismissal was proper and it is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and HOFFMAN, J., concur.